NEW ENGLAND FIRE INSURANCE COMPANY V. A. C. BURKE.

No. 7311. Decided May 10, 1939.
(128 S. W., 2d Series, 19.)

*Thompson, Knight, Baker & Harris,* of Dallas, for plaintiff in error.

Argument of counsel which does nothing more than to advise the jury of a fact which had already been disclosed to them by the reading of defendant's pleadings wherein it was alleged that plaintiff was not entitled to recover because he had procured the burning of the property was harmless error in light of the fact that the jury did not answer the issues as suggested by the argument. Abbott v. Andrews 29 S. W. (2d) 885; C. W. Hahl Co. v. Burch, 74 S. W. (2d) 1040; Thornton v. Athens Natl. Bank, 252 S. W. 278.

*Howth, Adams & Hart* and *Mike Daughtry,* all of Beaumont, for defendant in error.

It was prejudicial error for counsel for defendant to inform the jury of the legal effect of answers to special issues. McFaddin v. Hebert, 32 S. W. (2d) 914; Morgan v. Maunders, 37 S. W. (2d) 791; Fidelity Union Casualty Co. v. Cary, 25 S. W. (2d) 302.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Jefferson County by the defendant in error, A. C. Burke, against the plaintiff in error, New England Fire Insurance Company, to recover the amount of a certain fire insurance policy covering a dwelling house which was totally destroyed by fire. A trial before a jury, on special issues, resulted in a judgment in favor of the Insurance Company. The Court of Civil Appeals reversed said judgment and remanded the cause. 106 S. W. (2d) 1090. The Insurance Company has been granted the writ of error.

In its answer to the suit, the Insurance Company pleaded in defense, among other defenses, that the plaintiff, Burke, "either burned the house in question or had it burned for the purpose of collecting under this policy of insurance."

Among the special issues submitted to the jury were Special Issues Nos. 18, 19, 20 and 21 which, together with the answers of the jury thereto, read as follows:

"Special Issue No. 18: From the preponderance of the evidence, do you find that plaintiff, A. C. Burke, burned the dwelling house No. 4 on Treadaway Road, Beaumont, Texas?"

Jury's answer: "No."

"Special Issue No. 19: From the preponderance of the evidence, do you find that the plaintiff, A. C. Burke, had house

No. 4 on the Treadaway Road, Beaumont, Texas, burned?"

Jury's answer: "Yes."

"Special Issue No. 20: From the preponderance of the evidence, do you find that A. C. Burke, plaintiff, burned house No. 4 on the Treadaway Road, Beaumont, Texas, for the purpose of collecting insurance on policy No. 7526?"

Jury's answer: "No."

"Special Issue No. 21: From the preponderance of the evidence, do you find that A. C. Burke, plaintiff, caused house No. 4 on the Treadaway Road, Beaumont, Texas, to be burned for the purpose of collecting insurance under policy No. 7526?"

Jury's answer: "No."

In his argument to the jury, the attorney for the Insurance Company used this language:

"Gentlemen, if you answer Special Issues Nos. 18, 19, 20, and 21 'yes' you will teach this plaintiff, A. C. Burke, that he cannot burn houses and collect insurance from insurance companies of this country. This plaintiff will have no more mysterious and unexplained fires destroying his property if he learns that he cannot collect insurance for them at the hands of a jury; and the way for this jury to teach him that is to answer Special Issues Nos. 18, 19, 20, and 21 'yes'."

Counsel for Burke objected to this argument solely on the ground that counsel for the Insurance Company "was informing the jury of the effect of their answers to the issues propounded to them." This objection was overruled by the trial court and the action of said court in overruling said objection was presented in the motion for new trial filed in the trial court, which motion was overruled. In the Court of Civil Appeals the action of the trial court in respect to said argument was assigned as error in these words:

"The court erred in permitting defendant's counsel to inform the jury of the effect of its answers to Special Issues Nos. 18, 19, 20, and 21. The jury was apprised of the effect of the answers to these issues when counsel, in his closing argument said the following:" (Here the language of counsel heretofore set out is quoted in the assignment.)

In relation to this assignment of error, the brief which was filed in behalf of Burke in the Court of Civil Appeals contains a single proposition which reads as follows:

"It was prejudicial error for counsel for defendant to inform the jury of the legal effect of answers to Special Issues

Nos. 18, 19, 20 and 21, all of which is set forth in Bill of Exception No. 1 taken thereto."

There is nothing else contained in said brief to elucidate the complaint which Burke was making in respect to this matter. We shall take for granted, however, that he meant to complain of this argument because the jury was thereby informed that an affirmative answer to the four special issues mentioned would have legal effect to defeat a recovery by him, Burke. Even so, the jury undoubtedly disregarded this information, and made their finding under each of the special issues without regard to what legal effect such finding would have. This appears from the fact that in answer to Special Issue 19. the jury found, in effect, that Burke had the house burned and, in answer to Special Issue 21, that he did not have it burned *for the purpose of collecting the insurance.* In order to reach the conclusion that the jury considered that, in answering Special Issue 19 alone in the affirmative, they would defeat a recovery by Burke, we would have to infer that they arrogated to themselves the function of the trial judge to determine the materiality of their negative answer to Special Issue 21. In the state of affairs disclosed, this inference cannot be properly indulged. The Court of Civil Appeals erred in ruling, in effect, that the action of the trial court in overruling the objection made to the argument of counsel for the Insurance Company constituted reversible error.

We have duly considered the other assignments of error contained in the brief filed in the Court of Civil Appeals by counsel for Burke and no reversible error committed by the trial court is found. The judgment of the Court of Civil Appeals reversing the trial court's judgment and remanding the cause is reversed, and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court May 10, 1939.